**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

METROPOLITAN LIFE INSURANCE
COMPANY,

               Plaintiff-in-Interpleader,

v.

KEITH GOODMAN, and
KEVIN GOODMAN,

               Defendants-in-Interpleader.

5:26-cv-233
(ECC/MJK)

---

KEITH GOODMAN,

               Cross-Plaintiff,

v.

KEVIN GOODMAN,

               Cross-Defendant.

---

Kristina F. Salamoun, Esq., *for Plaintiff*
Ryan M. Poplawski, Esq., *for Defendant Keith Goodman*
Michael R. Vaccaro, Esq., *for Defendant Kevin Goodman*

### ORDER

Plaintiff Metropolitan Life Insurance Company (MetLife) brought this interpleader action concerning the proper beneficiary of the death benefits (the Plan Benefits) that are payable under an insurance policy (the Certificate) on the life of James Goodman (the Decedent).  *See* Dkt. No. 1.  The Decedent was a participant in the FCA US LLC Basic Life Insurance and Accidental Death and Dismemberment Insurance Plan (the Plan). MetLife issued a group life insurance policy (Group Policy No. 73903-1-G), which funds the life insurance benefits under that Plan. In addition, the Plan is an employee welfare benefit plan that is regulated by ERISA. This Court has federal

question jurisdiction over this matter because it arises under ERISA. The Plan Benefits total an expected claim of $27,450.00 plus any applicable interest.

After considering Plaintiff's Unopposed Motion for Interpleader, Deposit and Discharge and the supporting documents, Dkt. Nos. 15, 17, it is hereby

**ORDERED** that Plaintiff Metropolitan Life Insurance Company's unopposed motion for interpleader, deposit and discharge, Dkt. No. 15, is **GRANTED**; and it is further

**ORDERED** that within twenty-one (21) business days of the entry of this Order, Plaintiff Metropolitan Life Insurance Company shall deposit the Plan Benefits into the Registry of this Court; and it is further

**ORDERED** that upon deposit of the Plan Benefits, Metropolitan Life Insurance Company is discharged from any further liability with respect to, affecting, or in any way arising out of the Plan Benefits or Certificate and any person not yet joined as a party to this action who may make a claim for, or might otherwise be entitled to, the Plan Benefits is hereby joined and subject to this paragraph; and it is further

**ORDERED** that Defendants Keith Goodman and Kevin Goodman (collectively, the Defendants) are permanently enjoined from instituting or prosecuting any other proceeding, action, arbitration, or lawsuit against Metropolitan Life Company, or any of its predecessors or successors, with respect to the Plan Benefits and any interest thereon, as well as any and all claims that were and could have been raised in this action relating to the Certificate at issue and any person not yet joined as a party to this action who may make a claim for, or might otherwise be entitled to, the Plan Benefits is hereby joined and subject to this paragraph; and it is further

**ORDERED** that the Defendants shall continue to assert their respective claims to the Plan Benefits; and it is further

**ORDERED** that nothing in this Order shall affect or otherwise prejudice the rights of the Defendants to the Plan Benefits; and it is further

**ORDERED** all claims which have been or otherwise might have been asserted against Plaintiff Metropolitan Life Insurance Company are hereby dismissed with prejudice and Plaintiff Metropolitan Life Company is hereby dismissed with prejudice from this action.

**IT IS SO ORDERED.**

Dated: July 20, 2026

_____
Elizabeth C. Coombe
U.S. District Judge